N. Joshua Dart, W.S.B. No. 7-4634
UPRIGHT LAW LLC
408 W. 23rd Street
Cheyenne, Wyoming 82001
1401 S. Taft Avenue, Suite 203
Loveland, Colorado 80537
Phone: (307) 509-0603
Email: dart.partner.uprightlaw@gmail.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUL 27  AM 10 38

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALYSON FISHEL,<br><br>    Plaintiff,<br><br>v.<br><br>COLLECTION CENTER, INC.,<br><br>    Defendant. | Case No. 15-CV-121-F<br><br><br>**COMPLAINT**<br><br><br>JURY DEMANDED |

Now comes the Plaintiff, ALYSON FISHEL, by and through her attorneys, and for her Complaint against the Defendant, COLLECTION CENTER, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.  This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

1

substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Rawlins, Wyoming.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Wyoming, which has its principal place of business in Rawlins, Wyoming.

## STATEMENTS OF FACTS

9. On or about March 27, 2015, Plaintiff placed a telephone call to Defendant and left a voicemail message, informing Defendant that she was represented by a law firm with respect to the alleged debt, and providing her attorneys' contact information.

10. Shortly thereafter, on or about March 27, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the aforementioned alleged debt.

11. During said communication, the employee, agent and/or representative of Defendant with whom Plaintiff spoke confirmed that Defendant received Plaintiff's voicemail

2

message described above.

12. However, the employee, agent and/or representative of Defendant stated that Defendant would not contact Plaintiff's law firm to verify its representation of Plaintiff. Said individual also stated to Plaintiff that Defendant could cause collection notices to be sent to Plaintiff and could place telephone calls to Plaintiff in further attempts to collect the alleged debt, as Plaintiff did not have a "docket number" yet.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

15. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

16. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

18.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

19.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IV

21. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C.

       §1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

23.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 above as if reiterated herein.

24.     Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

25.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

26. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

ALYSON FISHEL

By: _____
       Attorney for Plaintiff

N. Joshua Dart
Wyoming Attorney No. 7-4634
Upright Law LLC
408 W. 23rd Street

Cheyenne, Wyoming 82001
1401 S. Taft Avenue, Suite 203
Loveland, Colorado 80537
Phone: (307) 509-0603
dart.partner.uprightlaw@gmail.com